**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-21499-BLOOM/Louis**

HARVEY A. BUCHHOLZ,

      Plaintiff,

v.

SAI SAFFRON 180 LLC,

      Defendant.

_____/

## ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Default Judgment and Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses, ECF No. [40] (the "Motion"). A Clerk's default was entered against Defendant Indian Accent of Florida, LLC ("Defendant") on September 4, 2019, ECF No. [34], as Defendant failed to appear, answer, or otherwise plead to the Amended Complaint, ECF No. [23], despite having been served. *See* ECF No. [27]. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted as set forth below.

## I. BACKGROUND

Plaintiff commenced this action against Defendant June 26, 2019, asserting a claim for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*, on Defendant's website. Specifically, Plaintiff alleged that Defendant violated the ADA by failing to interface its website with software utilized by visually impaired individuals. As a result of the violations, Plaintiff requests declaratory and injunctive relief, attorney's fees, costs, and litigation

expenses. As of the date of this Order, Defendant has not responded to the Amended Complaint or otherwise appeared in this action.[1]

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. The Eleventh Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's discretion).

However, a defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A

---

[1] Defendant's registered agent requested several extensions of time to retain counsel, and referral to the Volunteer Attorney Program, which the Court granted. Nevertheless, counsel has not entered an appearance on behalf of Defendant, and because Defendant is an entity, it may not proceed *pro se*. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (internal citation omitted).

defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III.   ANALYSIS

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the Amended Complaint to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of the well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Amended Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendant's liability.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d

1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)); *Petmed Express, Inc. v. Medpots.com*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004). Here, Plaintiff requests injunctive relief only. Even in a default judgment setting, injunctive relief is available. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23.

Plaintiff also requests attorney's fees, costs, and litigation expenses including expert fees. Pursuant to 42 U.S.C. § 12205, "in any action . . . commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." Congress thus expressly conferred upon federal courts broad discretion in determining when an award of attorney's fees is appropriate. *See Tufaro v. Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991) (*citing Hughes v. Rowe*, 449 U.S. 5, 14 (1980)); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1292 (11th Cir. 1988) ("For decades the law in this circuit has been that [t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). In *Norman,* the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorney's fees.

First, a district court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1299; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami,* 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate

in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The party who applies for attorney's fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Id.* at 1303.

After calculating the lodestar fee, the court may then proceed with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the court may depend upon a number of factors, including the quality of the results, and representation in the litigation. *Id.* at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id*. (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

It is noteworthy that success in civil rights claims is measured differently than success in a private tort claim. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). In fact, "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages." *Id.* (quotin*g Blanchard v. Bergeron,* 489 U.S. 87, 96 (1989)). Likewise, the Supreme Court has stated that "[u]nlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *City of Riverside v. Rivera,* 477 U.S. 561, 574 (1986). Accordingly, "public benefit is a distinct measure of success in civil rights actions . . . ." *Villano*, 254 F.3d at 1307. "When determining the

5

degree of success obtained by a civil rights plaintiff, a court must thus be careful not to place 'undue emphasis on the modest money damages that were found by the jury' because successful civil rights actions vindicate a public interest." *Villano*, 254 F.3d at 1306 (quoting *Williams v. Thomas*, 692 F.2d 1032, 1038 (5th Cir. 1982); *Norman,* 836 F.2d at 1302 ("The vindication of a constitutional right is important even if only a small amount of money is involved.").

The Court has carefully reviewed the Motion and accompanying exhibits. In determining the appropriate hourly rate for Plaintiff's attorney, the Court considers the factors elucidated in *Norman*, case law, as well as its own knowledge and experience. In the opinion of the Court, in light of the above factors, and Defendant's failure to object, the requested rates are reasonable. *Hansen v. Deercreek Plaza, LLC,* 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) ("Satisfactory evidence may also include 'citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases.'"). The hourly rates for the attorneys ($420 and $350) and paralegal ($125) are not excessive. The Court further concludes that because Plaintiff achieved the full measure of success sought, the results obtained were "excellent" and thus, the award of fees "will encompass all hours reasonably expended on the litigation . . . ." *Hensley*, 461 U.S. at 435. Further, it is noteworthy that requiring Defendant to remove the barriers to the subject website, and thus enjoining it from continuing its discriminatory practices, vindicates the public interest by making the website readily accessible to, and useable by, individuals with disabilities — the very individuals which the ADA was enacted to protect. *See Villano*, 254 F.3d at 1306 ("[S]uccesful civil rights actions vindicate a public interest."); *Norman,* 836 F.2d at 1302 ("[V]indication of class-wide rights are generally more significant than relief granted for an isolated violation of constitutional rights."); *Hensley,* 461 U.S. at 435 ("[T]he district court should focus on the significance of the overall relief obtained by the plaintiff.").

However, Plaintiff may not recover fees from Defendant for work performed before Defendant was named as a party in the Amended Complaint filed on June 26, 2019, nor does the Court find that Plaintiff should recover for paralegal time devoted to "mailing." Accordingly, the reasonable amount of time expended will be limited to time expended by the attorneys in this case, which is 11.1 hours, comprising 8.1 hours by Ronnette Gleizer ($350.00), and 3.0 hours for Ronald Stern ($420.00), yielding a total attorney's fee award of $4,095.00.

Plaintiff also requests $2,765.76 as reimbursement for costs and litigation expenses in this case, including service of process fee, filing fee, expert fees, and printing and postage fees. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." ed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted by*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In addition, a prevailing plaintiff in an ADA case may recover expert fees as a litigation expense. *Hansen*, 420 F. Supp. 2d at 1353 (citing *Lovell v. Chandler*, 303F.3d 1039, 1058 (9th Cir. 2002)). Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course"; "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted).

Similar to the attorney's fees, the Court finds that only the costs associated with the prosecution of this case against Defendant are reasonable, and were necessarily incurred in connection with the prosecution of this action against Defendant. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C.A § 1920(1) which permits taxation of "[f]ees of the clerk and marshal"). Accordingly, Plaintiff is entitled to recover $2,723.38 in costs and litigation expenses, including service of process fee ($35.00), filing fee ($400.00), expert fees ($2,250.00), and postage and copy costs ($38.38).

IV. **CONCLUSION**

Plaintiff's Motion, **ECF No. [40]**, is **GRANTED** as set forth in this Order. Pursuant to Rule 58(a), Fed. R. Civ. P., the Court will enter a Final Default Judgment in favor of Plaintiff and against Defendant by separate order.

**DONE AND ORDERED** in Chambers in Miami, Florida on October 31, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Indian Accent of Florida, LLC
d/b/a Saffron Indian Cuisine
Deepak Karamchandani, registered agent
12663 S. Dixie Highway
Pinecrest, Florida 33156